IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN, and STUART L. STEIN,
P.A., a professional law corporation d/b/a
THE STEIN LAW FIRM,

       Plaintiffs,

vs.                                                                                                              No. CIV 04-840 JB/DJS

DISCIPLINARY BOARD OF THE SUPREME COURT
OF NEW MEXICO, RICHARD J. PARMLEY, JR.,
Chair, JAMES F. BECKLEY, PATRICK A. CASEY,
FRANKIE D. CLEMONS, ROGER L. COPPLE,
BRUCE HERR, MICHAEL H. HOSES, ROBERT S.
MURRAY, MIKE G. PAULOWSKY, WILLIAM G. W.
SHOOBRIDGE, SASHA SIEMEL and ELIZABETH E.
WHITEFIELD, all members of the Disciplinary Board
and HON. PETRA MAES, HON. PAMELA B. MINZNER,
HON. PATRICIO M. SERNA, HON. RICHARD C.
BOSSON and HON. EDWARD L. CHAVEZ, the Chief
Justice and Justices of the Supreme Court of New Mexico,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiffs' Second Motion for Temporary Restraining Order and Preliminary Injunction, filed September 7, 2004 (Doc.11). The Court held a hearing on this motion on September 9, 2004. The primary issue is whether the Court should stay the Plaintiffs Stuart L. Stein's and Stuart L. Stein, P.A. d/b/a The Stein Law Firm's state proceedings. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the Plaintiffs' motion.

**FACTUAL BACKGROUND**

Plaintiff Stuart L. Stein is an attorney duly admitted to the State Bar of New Mexico. See

First Amended Complaint for Preliminary Relief and Declaratory Judgment ¶ 3, at 2, filed September 7, 2004 (Doc. 10). Stein's primary office is in Albuquerque, New Mexico. See id. Plaintiff Stuart L. Stein, P.A. is a Florida professional corporation doing business with its main office in Albuquerque. See id. ¶ 4, at 2. It does business as The Stein Law Firm. See id.

Defendant Richard J. Parmley, Jr., is the Chair of Defendant Disciplinary Board of the Supreme Court of the State of New Mexico. See id. ¶ 6, at 2. Defendants James F. Beckly, Patrick A. Casey, Frankie D. Clemons, Roger L. Copple, Bruce Herr, Michael H. Hoses, Robert S. Murray, Mike G. Paulowsky, William G.W. Shoobridge, Sasha Siemel and Elizabeth E. Whitefield are all members of the Disciplinary Board. See id. ¶ 7, at 3. The Honorable Petra Maes is the Chief Justice of the Supreme Court. See id. ¶ 8, at 3. The Honorable Pamela B. Minzner, Patricio M. Serna, Richard C. Bosson, and Edward L. Chavez are all Associate Justices of the Supreme Court. See id. ¶ 9, at 3.

The Supreme Court of New Mexico empowers Defendant Disciplinary Board, its named members, and Disciplinary Counsel to enforce the Rules of Professional Conduct and the Rules Governing Discipline. See Rules 17-102 and 17-105. The Supreme Court vests the Disciplinary Board with original jurisdiction over lawyer discipline. See Complaint ¶ 5, at 2.

Stein asks the court to take judicial notice of the three previous Stein cases: (i) No. CIV 02-0917 LFG; (ii) No. CIV 03-0450 LFG/RHS; and (iii) No. CIV 03-0631 LFG/RHS. In these cases, brought in the United States District Court for the District of New Mexico, Stein attempted to redress alleged violations of his First Amendment rights. Stein attacked the alleged ongoing unconstitutional application of the lawyer advertising rules as applied to him. See id. ¶ 12, at 4. The Supreme Court of New Mexico promulgated these rules, and the Legal Advertising Committee

of the Discipline Board enforced and applied them for years.  See id.  The Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, sitting by consent, dismissed these three cases under the Younger v. Harris abstention doctrine.  The Plaintiff appealed Judge Garcia's third dismissal to the United State Court of Appeals for the Tenth Circuit.

Counsel on this case have been cooperative since they first met on Stein I.  Stein has consistently contended that the New Mexico Disciplinary Rules and system is not the forum for securing protection for his constitutional rights.  Consistently from the filing of the initial complaint in Stein I, and in each of the three prior cases in federal court, the Defendants gave assurances to the Honorable Lorenzo F. Garcia, United States Magistrate, that Stein would have the opportunity to litigate and obtain a ruling on his federal constitutional claims and issues in the state forums provided for his Advertising Appeal.  The Defendants have asserted that the state proceedings offer an adequate forum under Younger v. Harris to hear Stein's constitutional issues.

## PROCEDURAL BACKGROUND

Stein's original complaint contained three claims for relief: (i) Count I -- Declaratory Judgment requesting the Court to find rule 17-304 NMRA unconstitutional; (ii) Count II -- Preliminary and Permanent Injunctive Relief; and (iii) Count III -- Attorney Fees and Costs pursuant to 42 U.S.C. § 1988.  See Doc. 1.  That same day, the Plaintiffs filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction.  See Doc. 2.  The Defendants filed a Response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction on Monday, August 2, 2004.  See Doc. 6.  The Plaintiffs filed a Reply to Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction filed on August 3, 2004.  See Doc. 7.

The Court held a hearing on August 3, 2004, on the Plaintiffs' Motion for Temporary Restraining Order and Injunctive Relief. The Plaintiffs contended that a plain reading of rule 17-304B with rule 17-205 prohibits an attorney complainant from violating the confidentiality of ethical complaints to the Disciplinary Board. At oral argument for preliminary injunction, the Defendants' counsel agreed to a Stipulated Order.

As a result of that hearing, the Court entered a Stipulated Order on August 31, 2004, see Doc. 9, wherein the Court retained jurisdiction if a scenario occurred where disciplinary action was initiated pursuant to rule 17-304 NMRA against Stein for making public statements subsequent to his filing of a disciplinary complaint against others. It was the Defendants' contention that the confidentiality provision of rule 17-304 NMRA applied only to disciplinary counsel and to no one else. The Stipulated Order allowed the Plaintiffs to file an attorney complaint and be protected from any ethical charges for discussing such complaint under rule 17-304.

The Hearing Committee's determination was sent to the Tenth Circuit for judicial notice in September 2004 after briefing closed in the appellate case. The Plaintiffs filed their First Amended Complaint for Preliminary Relief and Declaratory Judgment on September 7, 2004, and pled four counts: (i) Count I -- Declaratory Judgment; (ii) Count II -- Preliminary and Permanent Injunctive Relief; (iii) Count III -- Attorney Fees and Costs; (iv) Count IV -- Due Process Civil Rights Violations and Request for TRO and Preliminary Injunction. See Doc. 10. On September 7, 2004, the Plaintiffs filed their Second Motion for Temporary Restraining Order and Preliminary Injunction, with supporting memorandum. See Doc. 11. On September 9, 2004, the Defendants filed their Response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. See Doc. 16. Also on September 9, 2004, the Defendants filed a Motion to Dismiss Counts I, II and III

and filed a separate Motion to Dismiss Count IV.  See Doc. 17.

Stein moves the court for a TRO and preliminary injunction based on Count IV of the First Amended Complaint.  Stein asks the Court to grant him a hearing on this motion and, at that hearing, stay any state proceedings on the Advertising Appeal which Stein filed before Defendant Disciplinary Board under Case No. Misc. 03-001.

## LAW ON PRE-TRIAL INJUNCTIVE RELIEF

The main purpose of a TRO and/or of a preliminary injunction is to preserve the status quo. See Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986).  The United States Court of Appeals for the Tenth Circuit has set forth the requirements for the issuance of a preliminary injunction under rule 65 of the Federal Rules of Civil Procedure:

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest.  Utah Licensed Beverage Ass'n v. Leavitt, 256 F.3d 1061, 1065-66 (10th Cir. 2001).  Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.  See Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).

Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 269 F.3d 1149, 1154 (10th Cir. 2001).

## ANALYSIS

Stein contends that, when relief is clearly required to protect core due process rights which the Fifth and the Fourteenth Amendment to the United States Constitution guarantees, a preliminary injunction that changes the status quo to meet constitutional standards is appropriate.  Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the

hearing, the Court will deny the Plaintiffs' motion.

Stein has not established a substantial likelihood that the Court will have jurisdiction over this matter.  Even if he establishes jurisdiction over this controversy at some point, the Court does not believe there is a strong likelihood that this will occur.  Moreover, the Court also notes that it must abstain under Younger v. Harris when certain conditions are met and, based on the record before the Court, it appears at least some of the Younger v. Harris conditions are met.

Moreover, Stein has not shown that an immediate irreparable injury will occur if the Court denies his request to enjoin the Disciplinary Board proceedings.  Stein contends that, unless the Court issues the TRO and preliminary injunction, the Defendants will take action without affording him any due process right to be heard.  He contends that the Defendants promised him a forum to hear his federal claims, but without notice, and in violation of his Fifth and Fourteenth Amendment rights, they have eliminated that forum.  Stein asks the Court to impute to the members of the Hearing Committee the position that the Disciplinary Board and the Justices of the Supreme Court of New Mexico took.  Stein contends that the members have now taken a position that he consistently took, but that Judge Garcia rejected.  There is nothing, however, to preclude Stein from raising any due process or other federal constitutional claim with either the Disciplinary Board or with the Supreme Court of New Mexico.

Stein also contends that to allow the state proceedings to continue will compound the due process violations that he has suffered.  Stein has not, however, demonstrated that the potential injury he faces, if any, outweighs the injury to the Defendants.

The Court concludes that, at this stage, a federal court should not intervene in the state Disciplinary Board proceedings.  Such intervention would upset the status quo as it presently exists,

which currently allows the state proceedings to determine these issues. Moreover, the State of New Mexico has an interest in regulating its own bar. Thus, a state forum should have an opportunity to review Stein's claims. The Court will, therefore, deny the Plaintiffs' motion.

**IT IS ORDERED** that the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Stuart L. Stein
The Stein Law Firm
Albuquerque, New Mexico

    *Pro Se Plaintiffs*

Jerry A. Walz
Cedar Crest, New Mexico

    *Attorneys for the Defendants*