## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN, and STUART L. STEIN,
P.A., a professional law corporation d/b/a
THE STEIN LAW FIRM,

      Plaintiffs,

vs.                                                                       No. CIV-04-0840 JB/DJS

DISCIPLINARY BOARD OF THE
SUPREME COURT OF NEW MEXICO,
RICHARD J. PARMLEY, JR.,Chair,
JAMES F. BECKLEY, PATRICK A.
CASEY, FRANKIE D. CLEMONS, ROGER
L. COPPLE, BRUCE HERR, MICHAEL H.
HOSES, ROBERT S. MURRAY, MIKE G.
PAULOWSKY, WILLIAM G. W. SHOOBRIDGE,
SASHA SIEMEL and ELIZABETH E.
WHITEFIELD, all members of the Disciplinary
Board and HON. PETRA MAES, HON. PAMELA
B. MINZNER, HON. PATRICIO M. SERNA,
HON. RICHARD C. BOSSON and HON.
EDWARD L. CHAVEZ, the Chief Justice and
Justices of the Supreme Court of New Mexico,
VIRGINIA L. FERRARA, SALLY
SCOTT-MULLINGS AND SARAH KARNI,
Chief Disciplinary Counsel and
Assistant Disciplinary Counsel,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Requested Outline for Limited

Discovery, filed October 17, 2005 (Doc. 55).  The Court held a hearing on the motion on April 28,

2006.  The primary issue is whether the Court should allow the Plaintiffs to engage in their proposed

limited discovery in connection with the Court's decision concerning the Defendants' Motion to

Dismiss and/or for Summary Judgment Counts I, II, III, IV, V, and VI -- specifically regarding qualified and absolute immunity.  Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the Plaintiffs' requested discovery.

## PROCEDURAL BACKGROUND

At the hearing on October 13, 2005, on the Defendants' Motion to Dismiss and/or for Summary Judgment Counts I, II, III, IV, V, and VI, filed February 24, 2005 (Doc. 27), the Court indicated that it was taking the Defendants' motion for summary judgment under advisement and would also consider the Plaintiffs' request for limited discovery concerning the Defendants' defenses of absolute and qualified immunity.  See Transcript of Hearing at 51:1-20 (taken April 28, 2006). The Plaintiffs set forth the following limited areas of inquiry:

> a.   Delivery of the undated decision of the Thayer Committee (Attorneys Norman S. Thayer, Chair, and Jeffrey Baker and Ray Twohig, Committee Members) . . . to Virginia L. Ferrara.

> b.   Contacts between any members of the Thayer Committee and Virginia L. Ferrara or the Office of Disciplinary Counsel.

> c.   Delivery of the "Thayer Decision" to the individual justices of the New Mexico Supreme Court.

> d.   Contacts of Virginia L. Ferrara, Sally Scott-Mullins and/or Sarah Karni or the Office of Disciplinary Counsel or anyone acting on their behalf with the office of the Clerk of the Supreme Court of New Mexico concerning the "Thayer Decision."

> e.   Contacts of Virginia L. Ferrara, Sally Scott-Mullins and/or Sarah Karni or anyone acting on their behalf with justices of the Supreme Court of New Mexico or Disciplinary Board concerning the "Thayer Decision."

> f.   Contacts between Virginia L. Ferrara, Sally Scott-Mullins and/or Sarah Karni concerning the "Thayer Decision."

g.   Contacts between Virginia L. Ferrara, Sally Scott-Mullins and/or Sarah Karni concerning the investigation of the Bogarosh ethical complaint against Plaintiff prior to the filing of the Bogarosh Specification of Charges.

h.   Actions taken by or between Virginia L. Ferrara, Sally Scott-Mullins and/or Sarah Karni concerning the investigation of the Bogarosh ethical complaint against Plaintiff prior to the filing of the Bogarosh Specification of Charges.

i.   Court files in the Supreme Court of New Mexico concerning the Order to Show Cause of October 20, 2004 and Order of October 26, 2004 relating to the "Thayer Decision."

j.   The way files are opened at the Supreme Court of New Mexico to invoke its jurisdiction for determination of matters in the Supreme Court.

k.   All files of the Supreme Court of New Mexico containing just an Order to Show Cause and any Orders issued after cause was shown.

l.   All discussions concerning the impact and avenues of reversing the "Thayer Decision" in which Virginia L. Ferrara, Sally Scott-Mullins, and/or Sarah Karni were involved.

m.   Standards established, if any, concerning all of the above areas of inquiry.

Plaintiffs Requested Outline for Limited Discovery ("Requested Discovery") at 2-4.  The Plaintiffs

contend that the above-described discovery will give them information concerning immunity in the

following areas:

a.   If Defendant Ferrara did not submit "any papers" concerning the "Thayer Decision" to the Supreme Court as stated in her letter of September 8, 2004 [], did she or her office do so thereafter on their own initiative without notice to Plaintiffs or Mr. Walz, all of which would be outside of her position as Chief Disciplinary Counsel.

b.   Or, in the alternative, did the Justices of the Supreme Court either directly or indirectly, wrongfully request a copy of the "Thayer Decision" without notice to Plaintiff or Mr. Walz and do this without any matter pending before them, thus acting on a matter with complete absence of all jurisdiction.

c.   The reason why the "Thayer Decision" was not part of the file that contained the October 20, 2004 Order to Show Cause prior to the Hearing of October 25, 2003 as stated by the clerk of the court that morning and as went unanswered by the five

defendant Justices at the oral argument on October 25, 200[4] and, thus, acting on a matter with a complete absence of jurisdiction.

d.   Was there, in fact, an illegal conspiracy, amongst two or more of the Defendants (1) to deprive Plaintiffs of notice of the "Thayer Decision" after it was signed knowing it would help the position of the Plaintiffs on the 10th Circuit appeal, (2) to induce one or more of the Thayer Committee members to submit the "Thayer Decision" to Defendant Ferrara or her office rather than the Disciplinary Board as required by Rule 17-313.D.(8), and (3) to go outside the New Mexico Rules Governing Discipline and of Appellate Procedure to deprive Plaintiffs of their federal and state Due Process right to an orderly appeal of a Hearing Committee decision under Rule 17-314 to the Disciplinary Board, and a fair appeal in the United States Court of Appeal for the Tenth Circuit, by obtaining an Order of the New Mexico Supreme Court issued with a complete absence of jurisdiction that seemed to allow a declaratory action on Plaintiffs' legal advertising once the "Thayer Decision" was revealed for the specific purpose of derailing the appellate relief Plaintiffs sought and to avoid embarrassment of a federal hearing on the claimed unconstitutional actions of the now defunct Legal Advertising Committee and the now Legal Advertising Rules, to prove motive.

Id. at 4-6.

## LAW REGARDING QUALIFIED IMMUNITY AND DISCOVERY

"Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992)(citing Siegert v. Gilley, 500 U.S. 226, 231 (1991)).  The court first must "determine whether the actions defendants allegedly took are actions that a reasonable person could have believed lawful." Id. (citations and internal quotations omitted).  If a reasonable person could have believed that the actions were lawful, "defendants are entitled to dismissal before discovery.  If the actions are not those that a reasonable person could have believed were lawful, then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved." Id. See Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987)(noting that if the defendants' actions are not those that a reasonable officer could have believed lawful and "if the

actions [defendant] claims he took are different from those the [plaintiffs] allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before [defendant]'s motion for summary judgment on qualified immunity grounds can be resolved."). If such discovery is allowed, it "must be tailored specifically to the question of [defendant]'s qualified immunity." Anderson v. Creighton, 483 U.S. at 646 n.6.

"When responding to a summary judgment motion based on qualified immunity, the opposing party must file an affidavit with a Rule 56(f) motion that demonstrates 'how discovery will enable him to rebut a defendant's showing of objective reasonableness or . . . demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion.'" Ciempa v. Ward, 150 Fed. Appx. 905, 908 (10th Cir. October 19, 2005)(quoting Lewis v. City of Fort Collins, 903 F.2d 752, 758 (10th Cir. 1990)). To accomplish this, "it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands." Lewis v. City of Fort Collins, 903 F.2d at 758 (citations and internal quotations omitted).

## ANALYSIS

The Plaintiffs have set forth what they characterize as limited discovery in light of the Court's decisions and the case's facts. The Plaintiffs state that the Court can adopt their proposal, narrow the scope, or expand the areas of inquiry as the goals of justice require. The Court has already found that the Defendants are entitled to absolute immunity for Counts III, IV, and V of the Second Amended Complaint, see Memorandum Opinion and Order at 28-37, filed May 31, 2006, and the Court concludes that the requested discovery does not affect that decision. Although the requested

discovery will help the Plaintiffs determine the "who, how, when, and why" regarding the Defendants' actions, Requested Discovery at 2, it will not take the allegations out of the prosecutorial and judicial functions. The Court has found and still finds that the allegations in Count III, IV, and V of the Second Amended Complaint all occurred in the prosecution or judicial function. Even if the Plaintiffs received answers to their questions, the Court concludes that the Defendants would still be entitled to absolute prosecutorial immunity and absolute judicial immunity. Discovery is therefore not necessary or appropriate.

Also, the Plaintiffs did not attach a rule 56(f) affidavit connecting the discovery sought to the validity of the immunity defense as required upon a motion for summary judgment based on immunity. See Ciempa v. Ward, 150 Fed. Appx. at 908. And, as the Court has already found, even though the Plaintiffs attempt to connect the discovery sought to the validity of the immunity defense in their non-rule 56(f) request, such discovery will not invalidate immunity because the Defendants are entitled to absolute immunity regardless of the answers to the proposed questions. Because the requested discovery will not invalidate the immunity defense, and the Plaintiffs have not filed a rule 56(f) affidavit, the Court will deny their request for discovery.

IT IS ORDERED that the Plaintiffs' Requested Outline for Limited Discovery is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stuart L. Stein
The Stein Law Firm
Albuquerque, New Mexico

  *Attorney for the Plaintiffs*

Jerry A. Walz
Martha Chicoski
Paula Noonan
Walz & Associates
Cedar Crest, New Mexico

  *Attorneys for the Defendants*