# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN, and STUART L. STEIN,
P.A., a professional law corporation d/b/a
THE STEIN LAW FIRM,

        Plaintiffs,

vs.                                                                                    No. CIV-04-0840 JB/DJS

DISCIPLINARY BOARD OF THE
SUPREME COURT OF NEW MEXICO,
RICHARD J. PARMLEY, JR.,Chair,
JAMES F. BECKLEY, PATRICK A.
CASEY, FRANKIE D. CLEMONS, ROGER
L. COPPLE, BRUCE HERR, MICHAEL H.
HOSES, ROBERT S. MURRAY, MIKE G.
PAULOWSKY, WILLIAM G. W. SHOOBRIDGE,
SASHA SIEMEL and ELIZABETH E.
WHITEFIELD, all members of the Disciplinary
Board and HON. PETRA MAES, HON. PAMELA
B. MINZNER, HON. PATRICIO M. SERNA,
HON. RICHARD C. BOSSON and HON.
EDWARD L. CHAVEZ, the Chief Justice and
Justices of the Supreme Court of New Mexico,
VIRGINIA L. FERRARA, SALLY
SCOTT-MULLINGS AND SARAH KARNI,
Chief Disciplinary Counsel and
Assistant Disciplinary Counsel,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion and Memorandum for

Leave to Amend Complaint After Allowing for Immediate, Limited Discovery and for Expedited

Hearing, filed February 13, 2005 (Doc. 63). The Court held a hearing on this motion on April 28,

2006. The primary issue is whether the Court should allow the Plaintiffs to engage in limited

discovery and thereafter file a Third Amended Complaint. Consistent with the Court's ruling at the

hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the

motion.

## LAW ON AMENDED AND SUPPLEMENTAL PLEADINGS

Rule 15(a) provides:

> AMENDMENTS.  A party may amend the party's pleading once as a matter of
> course at any time before a responsive pleading is served or, if the pleading is one to
> which no responsive pleading is permitted and the action has not been placed upon the
> trial calendar, the party may so amend it at any time within 20 days after it is served.
> Otherwise a party may amend the party's pleading only by leave of court or by written
> consent of the adverse party; and leave shall be freely given when justice so requires.
> A party shall plead in response to an amended pleading within the time remaining for
> response to the original pleading or within 10 days after service of the amended
> pleading, whichever period may be the longer, unless the court otherwise orders.

Fed R. Civ. P. 15(a).  A district court is justified in refusing leave to amend "upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc.,

3 F.3d 1357, 1365-66 (10th Cir. 1993)(citing Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d

1571, 1585 (10th Cir. 1993)).  "Although the Federal Rules of Civil Procedure favor a liberal

approach to amendments, amendments may not be used as a device to prevent speedy and efficient

resolutions of cases." Lockheed Martin Corp. v. Network Solutions, 175 F.R.D. at 645 (citing

Schlacter-Jones v. Gen. Tel. of Cal., 936 F.2d 435, 443 (9th Cir. 1990), overruled on other grounds,

Cramer v. Consol. Freightways, Inc., 255 F.3d 683 (9th Cir. 2001)).  Accord Glatt v. Chicago Park

Dist., 87 F.3d 190, 194 (7th Cir. 1996)(holding that a district court, when considering a motion to

amend, "should consider the likelihood that the new claim is being added in a desperate effort to

protract the litigation and complicate the defense"). Where a party proposes amendments while

dispositive motions are pending, a court should not allow an amendment whose purpose is to prevent

-2-

termination of the case on a motion to dismiss or on summary judgment.  See Schlacter-Jones v. Gen. Tel. of California, 936 F.2d at 443 ("A motion for leave to amend is not a vehicle to circumvent summary judgment.").

Rule 15(d) provides for supplementation, as opposed to amendment, of pleadings: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  The Tenth Circuit has advised that motions to supplement "are addressed to the sound discretion of the trial court."  Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989)(per curiam)(citation omitted).  "Leave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."  Id.

## ANALYSIS

The Court is aware of no rule that allows a party to enter into discovery for the purpose of creating a supplemental or amended pleading, and the issues on which the Plaintiffs seek discovery are not relevant to the claims currently before the Court.  Moreover, whether the Court views this motion as a request to supplement or as a request to amend, the Court believes that the prejudice to the Defendants outweighs any reasons favoring supplement or amendment, and thus justice does not require amendment, and there is good cause to not grant leave to supplement.

The Plaintiffs filed this case on July 26, 2004.  The Defendants filed a Motion to Dismiss and/or for Summary Judgment on February 24, 2005. See Defendants' Motion to Dismiss and/or for Summary Judgment Counts I, II, III, IV, V, and VI (Doc. 27).  The briefing on the Defendants' Motion to Dismiss and/or for Summary Judgment was completed on July 12, 2005.  See Notice of

Completion on Defendants' Motion to Dismiss and/or for Summary Judgment as to Counts I, II, III, IV, V, and VI, filed July 12, 2005 (Doc. 43). The Court held oral argument on the motion to dismiss on October 13, 2005. The Plaintiffs attempt -- a year and a half after the case was initially filed, seven months after the motion to dismiss was fully briefed, and four months after the Court heard oral argument -- to amend the complaint to add claims that are distinct in time, parties, and relevance to the complaint currently before the Court. The Court notes that the Plaintiffs have already amended their Complaint twice.

The Defendants' dispositive motion has been ripe for decision for 10 months now, and the Court has now entered a memorandum opinion and order dismissing all of the claims in the Second Amended Complaint. See Memorandum Opinion and Order at 40, filed May 31, 2006. It would be inappropriate for the Court to now entertain new claims that appear to the Court to be largely independent and distinct on the eve of the Court dismissing this case.

Finally, the Plaintiffs have not complied with the local rules. Local rule 15.1 requires that "[a] proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Defendants argue that, based on absolute prosecutorial immunity, the proposed amendment would be futile. See Defendants' Response to Motion for Leave to Amend Complaint After Allowing for Immediate, Limited Discovery and for Expedited Hearing at 7-9, filed March 7, 2006 (Doc. 65). Because the Plaintiffs have not complied with the local rules the Court has no way of effectively determining, with accuracy, whether the futility argument has merit. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, and because the Court believes that the prejudice to the Defendants outweighs any reasons favoring amendment or supplement, in light of the independent and distinct claims the Plaintiffs propose to raise, and

-4-

because further the Plaintiffs have not complied with the local rules, the Court will deny the motion.

**IT IS ORDERED** that Plaintiffs' Motion and Memorandum for Leave to Amend Complaint After Allowing for Immediate, Limited Discovery and for Expedited Hearing is denied. The Court will not allow the Plaintiffs to engage in their requested discovery and will not allow the Plaintiffs to amend or supplement their pleadings.


_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Stuart L. Stein
The Stein Law Firm
Albuquerque, New Mexico

    *Attorney for the Plaintiffs*


Jerry A. Walz
Martha Chicoski
Paula Noonan
Walz & Associates
Cedar Crest, New Mexico

    *Attorneys for the Defendants*